UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMORI DOUGLAS,<br><br>Petitioner,<br><br>-against-<br><br>DUTCHESS COUNTY COURT,<br><br>Respondent. | 26-CV-9507 (LLS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

Petitioner Jamori Douglas, a pretrial detainee who is currently incarcerated in the Dutchess County Justice and Transition Center ("DCJTC"), brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241. He names "Dutchess County Court" as Respondent and seeks an order directing the state court to dismiss the felony petition lodged against him.

By order dated November 4, 2026, the court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). As explained below, the Court denies the petition but grants Petitioner 30 days' leave to file an amended petition to allege facts showing that: (1) the relief that he seeks is not barred by the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971); and (2) he exhausted his state-court remedies before commencing this *habeas corpus* action.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest

arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are drawn from the petition. On or about May 15, 2026, Petitioner was charged in state court with criminal possession of a weapon in the second degree, New York Penal Law § 265.03, and since that time, he has been confined in the DCJTC awaiting trial. Petitioner contends that his current confinement violates his rights under both the Due Process Clause of the Fourteenth Amendment and unspecified provisions of the New York State Constitution. He argues that there is no basis in law for his prosecution and confinement because his arrest was unlawful. Specifically, he alleges that, at the time of his arrest, he was the driver of a vehicle that was searched by police officers, and during the search, officers allegedly found a firearm in the backseat of the car. Petitioner was charged with possessing the weapon in the backseat, even though he allegedly had neither dominion nor control of the backseat. In sum, he alleges that his prosecution and confinement violate his rights because he did not possess the weapon at issue. (ECF No. 1, at 7, 10.)

Petitioner requests an order "dismiss[ing] . . . the felony petition in the interests of justice." (*Id.* at 8.)

## DISCUSSION

### A. The abstention doctrine under *Younger v. Harris*

By requesting that this Court require the state court to dismiss the felony petition against him, Petitioner is asking this Court to intervene in his pending state court criminal proceedings.

In *Younger v. Harris,* 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) (discussing *Younger*).

"[B]ad faith or harassment" exists when the party bringing the state court action has "'no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (in a civil action, holding that the plaintiff's claim that "his neighbors' complaints which led to the charges were false" were "insufficient" to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state court matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022)); *DeMartino v. New York State Dep't of Labor*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (in a civil action, holding that the plaintiff's allegations that the criminal charges pending against him were based "on the false statements" of the defendant did not "serve as the factual predicate for a plausible finding of bad faith").

The special circumstances exception applies when "the state court [is] incapable of fairly and fully adjudicating the federal issues before it." *Kugler*, 421 U.S. at 124. Such circumstances

are special or extraordinary "in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Id.* at 125.

Here, Petitioner's state court criminal proceedings are ongoing, and he does not allege any facts showing bad faith, harassment, or irreparable injury with respect to those proceedings. The Court therefore dismisses the petition because the relief that Petitioner seeks—this Court's intervention into his ongoing criminal prosecution in state court—is barred by the *Younger* abstention doctrine. The Court nevertheless grants Petitioner 30 days' leave to amend his petition to include facts showing that special circumstances exist for this Court to refrain from applying the *Younger* abstention doctrine to the relief sought in this *habeas corpus* action.

**B. Exhaustion of state-court remedies**

Before seeking Section 2241 *habeas corpus* relief in a federal court, a person being prosecuted in a state court must first exhaust his available state-court remedies by raising his grounds under federal law for such relief with the state courts. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While . . . Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). Under this exhaustion doctrine, the state courts must be given the first opportunity to review the federal-law errors associated with a petitioner's custody. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (discussion in the context of *habeas corpus* petitions brought under Section 2254). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a State's established appellate review process. *See id.* at 845 (same). "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112

F.3d 50, 52 (2d Cir. 1997) (same, quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In the petition, Petitioner provides no facts suggesting that he exhausted his available state-court remedies before seeking *habeas corpus* relief from this Court. Thus, if Petitioner chooses to file an amended petition, he must provide facts showing: (1) whether and when he previously sought relief from the state courts, including any state-court *habeas corpus* petitions and appeals to the Appellate Division and New York Court of Appeals, related to his allegedly unlawful confinement and prosecution; (2) if so, what his grounds for relief were and whether they were premised on violations of federal law; (3) the facts that support those grounds for relief; and (4) whether he is asserting any of the same federal-law grounds for Section 2241 *habeas corpus* relief in this action.[1]

**C. Leave to amend granted**

Petitioner proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented petitioner an opportunity to amend a petition to cure its

[1] The Court notes, however, that to the extent that Petitioner seeks federal *habeas corpus* relief under the Fourth Amendment, the Supreme Court of the United States has made clear that federal *habeas corpus* relief is unavailable to litigants prosecuted in state courts who seek such relief on the ground that a state trial court allowed or potentially will allow the introduction of evidence obtained in an allegedly unconstitutional search or seizure. *See Stone v. Powell*, 428 U.S. 465, 494 (1976); *Graham v. Costello*, 299 F.3d 129, 133-34 (2d Cir. 2002). There are two exceptions to this rule:

> (a) if the state has provided no corrective procedures at all to redress the alleged [F]ourth [A]mendment violations; or (b) if the state has provided a corrective mechanism, but the [petitioner] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.

*Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1997). A petitioner who has been given a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, but is nevertheless unsuccessful or never took advantage of that opportunity, cannot seek federal *habeas corpus* relief on that ground. *See Graham*, 299 F.3d at 134.

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* pleading] without granting leave to amend at least once when a liberal reading of the [petition] gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Petitioner may be able to show that he exhausted his state-court remedies, and because he may be able to allege additional facts to state a valid grounds for *habeas corpus* relief that do not run afoul of the *Younger* abstention doctrine, the Court grants Petitioner 30 days' leave to amend his petition to detail his grounds for relief, consistent with the standards set forth above.

If Petitioner does not file an amended petition, the Court will deny the petition for the reasons set forth in this order.

## CONCLUSION

The Court denies the petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, with 30 days' leave to amend. An amended *habeas corpus* petition form is attached to this order.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated: November 11, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

**AMENDED PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28**

**U.S.C. § 2241 Instructions**

1. **Who Should Use This Form**. You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form**. You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals).*

3. **Preparing the Petition**. The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

4. **Supporting Documents**. In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee**. You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court**. Mail your petition and 0 copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. **Change of Address**. You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

_______________________________
*Petitioner*

v.

_______________________________
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. _______________
*(Supplied by Clerk of Court)*

## AMENDED
## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: _______________

   (b) Other names you have used: _______________

2. Place of confinement:

   (a) Name of institution: _______________

   (b) Address: _______________

   _______________

   (c) Your identification number: _______________

3. Are you currently being held on orders by:

   ❐ Federal authorities ❐ State authorities ❐ Other - explain:

   _______________

4. Are you currently:

   ❐ A pretrial detainee (waiting for trial on criminal charges)

   ❐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

   If you are currently serving a sentence, provide:

   (a) Name and location of court that sentenced you: _______________

   _______________

   (b) Docket number of criminal case: _______________

   (c) Date of sentencing: _______________

   ❐ Being held on an immigration charge

   ❐ Other *(explain)*: _______________

   _______________

   _______________

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

❒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❒ Pretrial detention

❒ Immigration detention

❒ Detainer

❒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❒ Disciplinary proceedings

❒ Other *(explain)*: ______________________________

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: ______________________________

(b) Docket number, case number, or opinion number: ______________________________

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: ______________________________

(d) Date of the decision or action: ______________________________

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❒ Yes ❒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ______________________________

(2) Date of filing: ______________________________

(3) Docket number, case number, or opinion number: ______________________________

(4) Result: ______________________________

(5) Date of result: ______________________________

(6) Issues raised: ______________________________

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❐ Yes ❐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❐ Yes ❐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❒ Yes ❒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❒ Yes ❒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❒ Yes ❒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❒ Yes ❒ No

If "Yes," provide:

(a) Date you were taken into immigration custody:

(b) Date of the removal or reinstatement order:

(c) Did you file an appeal with the Board of Immigration Appeals?

❒ Yes ❒ No

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result:

(4) Date of result:

(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?

❒ Yes ❒ No

If "Yes," provide:

(1) Name of court:

(2) Date of filing:

(3) Case number:

(4) Result:

(5) Date of result:

(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❐ Yes ❐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:

(b) Name of the authority, agency, or court:

(c) Date of filing:

(d) Docket number, case number, or opinion number:

(e) Result:

(f) Date of result:

(g) Issues raised:

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground One in all appeals that were available to you?

❐ Yes ❐ No

**GROUND TWO**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?

❐ Yes ❐ No

**GROUND THREE**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?

❐ Yes ❐ No

**GROUND FOUR**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

❐ Yes ❐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do:

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: ________________

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

Print | Save As... | Reset